# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **PRISCILLA A. ELLIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 7:22-cv-00334-ACA-NAD |
| | ) |
| **WARDEN NEELY,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Priscilla A. Ellis filed an amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 3). The magistrate judge to whom the case was referred filed a report pursuant to 28 U.S.C. § 636(b) recommending that the habeas petition be dismissed without prejudice for lack of jurisdiction. (Doc. 25). Ms. Ellis filed timely objections to the magistrate judge's report. (Doc. 26).

Relevant here, Ms. Ellis challenges a special administrative measure ("SAM") applied to her sentence, and a public safety factor ("PSF") which denies her access to programming and use of the telephone.[1] (Doc. 3 at 7–8). The magistrate judge found that both of these claims challenged Ms. Ellis's conditions of confinement,

---

[1] Ms. Ellis also alleged that she had been denied counsel at her initial appearance and that she is actually innocent of the crimes for which she was sentenced. (Doc. 3 at 7–8). The magistrate judge's report recognized that Ms. Ellis must pursue challenges to the validity of her conviction through a motion to vacate under 28 U.S.C. § 2255. (*See* doc. 25 at 4-7). Ms. Ellis did not object to that conclusion, thus waiving any challenge to that recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

and therefore are not cognizable in a habeas petition. (Doc. 25 at 7–11). Ms. Ellis objects to this conclusion. (Doc. 26 at 1–7). But as the magistrate judge explained to Ms. Ellis, claims challenging the conditions of confinement cannot be brought in a § 2241 petition. (*See* doc. 25 at 8-9) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (holding that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (similar)). The court considers Ms. Ellis's specific objections below.

I. **Objections regarding the imposition of the Special Administrative Measure by the Bureau of Prisons**

Only the Bureau of Prisons ("BOP"), "[u]pon direction of the Attorney General," has the authority to impose special administrative measures when "there is a substantial risk that the prisoner's communications or contacts with persons could result in death or serious bodily injury to persons . . . ." 28 C.F.R. § 501.3(a). Ms. Ellis argues that an Assistant U.S. Attorney and an FBI Agent (both in the Middle District of Florida) requested the imposition of the SAM. (Doc. 26 at 2). Ms. Ellis contends that the request and resulting imposition of the SAM violated her Fifth Amendment rights. (*Id.*).

But despite Ms. Ellis's arguments otherwise, there is nothing insidious about an AUSA or an FBI Agent requesting that the BOP authorize a SAM. (*See e.g.*, doc.

26 at 12) ("The SAM was requested by the United States Attorney's Office for the Middle District of Florida based on your proclivity for violence.")). Nothing in that request alters the <u>length</u> of the sentence Ms. Ellis must serve. Instead, a SAM alters the <u>conditions</u> of that sentence.

The Middle District of Florida sentencing court explained to Ms. Ellis that it lacked the authority to alter her sentence to include a special administrative measure.[2] *See United States v. Ellis*, No. 8:15-CR-320-T-23TGW, 2019 WL 9667690, at *1 (M.D. Fla. July 29, 2019) ("Contrary to Ellis's belief, the recommendation to the Bureau of Prisons in the judgment was not altered to 'add a SAM Agent' to Ellis's judgment" because only the BOP, pursuant to 28 C.F.R. § 501.3, has the authority to do so); *see also United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) (stating that "to the extent Ellis is challenging the BOP's implementation of extra security measures, that decision is completely within the BOP's discretion," and noting in dicta that a district court would lack jurisdiction over "challenges to the imposition of Special Administrative Measures ('SAMs') . . . brought under 28 U.S.C. § 2241.").

Ms. Ellis objects to the conclusion that she cannot use a § 2241 petition to challenge the imposition of a SAM, arguing that she must bring a § 2241 petition in

---

[2] As set forth in the report and recommendation, this court may take judicial notice of court records, including the records of other federal courts. *See* Fed. R. Evid. 201(b).

the jurisdiction where she is housed. (Doc. 26 at 3). Ms. Ellis is correct that this court could hear a proper petition under § 2241. However, the fact that a § 2241 petition may be filed in this district is not akin to finding that the claims presented are properly heard in a habeas petition. Habeas corpus and civil rights litigation are not interchangeable. *See Muhammad*, 540 U.S. at 750. To challenge the conditions of her confinement, Ms. Ellis must file a civil rights action.

In any event, Ms. Ellis agrees that the SAM expired on September 5, 2021, and has not been renewed. (Doc. 19 at 68–69; doc. 26 at 3). The expiration of the SAM rendered this claim moot. *See e.g.*, *Ghailani v. Sessions*, 859 F.3d 1295, 1302–03 (10th Cir. 2017) (holding that upon expiration of special administrative measures, the plaintiff's claims based on those restrictions were moot); *United States v. Reid*, 369 F.3d 619, 624–25 (1st Cir. 2004) (holding that claims based on the imposition of SAMs were moot where the SAMs had expired and thus "no longer determine[d] his conditions of confinement, and there is no claim for damages . . . while those SAMs were still in effect.").[3]

### II. Objections regarding the imposition of a Public Safety Factor by the Bureau of Prisons

Ms. Ellis argues that this court can direct the BOP to remove the PSF. (Doc. 26 at 3). Ms. Ellis believes she may proceed pursuant to 28 U.S.C. § 2241 because

---

[3] While neither of these cases are binding authority, *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989), the court finds them persuasive, along with all other non-binding cases cited in this opinion.

the PSF "is a condition of [her] confinement unlawfully applied utilizing a sentence that [she] is not yet serving."[4] (*Id.* at 1) (emphasis omitted). According to Ms. Ellis, the BOP improperly used the factual basis of her consecutive sentence to add the PSF, and the magistrate judge's recommendation otherwise was "clearly wrong." (*Id.* at 3) (emphasis omitted).

The BOP alone has full discretion for the classification and housing of its inmates. 18 U.S.C. §§ 3621(b), 4081. As explained in the report and recommendation, challenges to security classifications, including PSFs, "are not cognizable in a § 2241 petition" because they do not "challenge the 'execution' of a sentence." (Doc. 25 at 10) (quoting *Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017)). "Deciding how to classify prisoners and choosing the institution in which to place them are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security in our nation's prisons." *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998).

Here, Ms. Ellis objects to her BOP classification because the BOP used the facts underlying her conviction which resulted in the sixty-five-year consecutive

---

[4] In *United States v. Ellis*, 8:15-cr-00320-SDM-MRM-3, Ms. Ellis was sentenced to 480 months based on convictions for conspiracy to commit mail and wire fraud, and conspiracy to commit money laundering. In *United States v. Ellis*, 8:16-cv-00502-JSM-AEP-1, Ms. Ellis received a sixty-five-year sentence, to run consecutively to her earlier sentence, based on her convictions for conspiracy concerning a forged security, two counts of retaliating against a witness, and two counts of using interstate commerce facilities in the commission of murder-for-hire. In the instant petition, Ms. Ellis challenges the BOP's use of the factual basis for the later conviction to assign a PSF because she is currently serving only the earlier sentence. (Doc. 26 at 2–3).

sentence she has not yet begun to serve. (Doc. 26 at 3–4). But nothing in Ms. Ellis's argument eliminates the factual basis for that conviction. That Ms. Ellis must complete her 480-month sentence before serving the sixty-five-year sentence does not render the BOP's reliance on the underlying facts of the second conviction unconstitutional or provide a basis for a double jeopardy claim, as asserted by Ms. Ellis.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Ms. Ellis's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's findings and **ACCEPTS** the recommendation. The petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The court further finds that Ms. Ellis's motions for summary judgment (Docs. 15, 18) are properly construed as objections to the government's motions for extension of time, and so construed, were rendered **MOOT** when the motions for extension of time were granted.

A separate Final Judgment will be entered.

**DONE** and **ORDERED** this June 22, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE